DAVIS, Circuit Judge,
dissenting:
Respectfully, I dissent.
It is true, of course, that we have “the power to affirm a judgment for any reason appearing on the record, notwithstanding that the reason was not addressed below.” McMahan v. Int’l Ass’n of Bridge, Structural and Ornamental Iron Workers, 964 F.2d 1462, 1467 (4th Cir.1992) (citation omitted). See also Blum v. Bacon, 457 U.S. 132, 137 n. 5, 102 S.Ct. 2355, 72 L.Ed.2d 728 (1982) (“[A]n appellee may rely upon any matter appearing in the record in support of the judgment below.”). Because we can, however, does not mean we should.
On appeal from a district court’s Rule 12(b)(6) dismissal of a complaint, we take the allegations of the complaint as true. Coleman v. Md. Court of Appeals, 626 F.3d 187, 189 (4th Cir.2010), aff'd, — U.S. -, 132 S.Ct. 1327, 182 L.Ed.2d 296 (2012). Kamal Patel is a lawful permanent resident of the United States who arrived in this country with his family at an early age. Patel registered for the Selective Service when he was 18. He also has applied for United States citizenship. He has sent sworn declarations of his allegiance to the United States to the President, the Secretary of State, and an Immigration Law Judge.
In 1992, Patel was convicted of a drug offense; he has been incarcerated in the United States since that time. He is scheduled to be released on July 28, 2014, according to the Bureau of Prisons (“BOP”) website. Because the BOP classifies Patel as an alien, he is not eligible for certain prison programs available only to United States nationals. These include pre-community release, pre-community placement, participation in the Residential Drug Abuse Program, participation in the Life Connections Program, and halfway house placement.
Patel filed a complaint in June 2010 in the United States District Court for the Eastern District of North Carolina seeking a declaratory judgment under 28 U.S.C. § 2201[1] and 8 U.S.C. § 1503(a)[2] that he is a national of the United States. The district court, however, analyzed the claim by stating that it was cognizable under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, which deal with habeas actions, or Bivens v. Six Unknown Named Agents of the Federal *378 Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which allows individuals to seek damages for certain kinds of constitutional violations committed by federal agents. Patel did not seek relief under Bivens or either of those statutes, however, nor did he mention any of them in his complaint. Nonetheless, the district court quoted an unpublished opinion from the United States District Court for the Southern District of Ohio, stating, “[I]nmates do not have any federal constitutional right to participate in rehabilitative programs. Nor does an inmate have any constitutionally protected interest in a particular housing assignment or transfer to a particular prison.” J.A. 44 (quoting Ahmad v. United States, No. 2:08-CV-364, 2009 WL 2486004, at *2 (S.D.Ohio Aug. 11, 2009) (unpublished) (alteration in original)). The district court concluded, “Thus, assuming without deciding that Patel’s claim is cognizable, the claim fails on the merits.” This appeal followed, in the course of which we appointed counsel to represent Patel.
I endorse judicial efficiency as much as any judge, especially for busy district courts, but there are untold benefits in permitting district courts to correct their own errors; this will sometimes require defendants in an inmate’s suit to respond, by motion or answer, to a complaint. As the majority acknowledges, ante at 372, the district court erroneously interpreted Patel’s complaint as asserting that he had a right to participate in prison programs, and so the court dismissed the complaint for failure to state a claim, noting that inmates do not have a constitutional right to participate in rehabilitative programs. That, however, is a different question from whether Patel is eligible for participation in such programs, an issue the district court failed to analyze. Accordingly, I would not reach the merits and would instead simply vacate the judgment and remand the case to the district court for further proceedings, including analysis of Patel’s claim under 8 U.S.C. § 1503.
Eschewing a remand, the majority elects to reach the merits of the claim the district court never examined and concludes that Patel failed to state a claim upon which relief could be granted. Indeed, the majority holds that it is impossible for him to state a declaratory judgment claim to the privileges of a “national of the United States,” citing, inter alia, Fernandez v. Keisler, 502 F.3d 337 (4th Cir.2007), cert. denied sub nom., Fernandez v. Mukasey, 555 U.S. 837, 129 S.Ct. 65, 172 L.Ed.2d 62 (2008). I cannot join in this conclusion. Were I to reach the merits, for the reasons well-stated by Judge Motz in her dissenting opinion in Fernandez, id. at 352, I would conclude that Patel has stated a cognizable claim.[3] See United States v. *379 Morin, 80 F.3d 124, 126 (4th Cir.1996); see also McMellon v. United States, 387 F.3d 329, 333 (4th Cir.2004) (en banc) (“[W]e have made it clear that, as to conflicts between panel opinions, application of the basic rule that one panel cannot overrule another requires a panel to follow the earlier of the conflicting opinions. See Booth v. Maryland, 327 F.3d 377, 383 (4th Cir. 2003).”).

. This section authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.” 28 U.S.C. § 2201(a).

. This section spells out the procedure for seeking a declaration of United States nationality. 8 U.S.C. § 1503(a).

. While I fully understand the convoluted bases for this circuit’s assault on the continuing legitimacy of Morin, as begun in Fernandez and enlarged upon by the majority here, in my view, Morin remains binding circuit precedent that can only be abrogated by an en banc decision. In any event, there is something odious in the government arguing (in Fernandez and in the case at bar) the opposite of what it argued in Morin, when it suited the government’s purpose. See Gov’t Brief, United States v. Morin, 1995 WL 17054182, at *12 n. 3 (Sept. 15, 1995) ("Consequently, given [the intended murder victim’s] pending application for citizenship, it can fairly be said that he owed allegiance to the United States [and therefore was a national of the United States].”). Manifestly, despite the criticisms leveled at Judge Wilkinson's Morin opinion in Fernandez and in the majority opinion here, the Morin panel did not adopt its reading of 8 U.S.C. § 1101(a)(22) sua sponte and without due deliberation; it did so at the urging of the government. And, after all, the Attorney General, the relevant "executive department” involved here, see ante at 373, superintends both the Board of Immigration Appeals as well as the Criminal Division of the Department of Justice. It is indeed curious that a *379 statute this Court had no difficulty interpreting in 1996 (in a manner urged by the agents of the Attorney General) now requires deference to, and a contrary interpretive aid of, the BIA, when the very words of the statute have not changed.